IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04-CV-537-WC |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the United States Magistrate Judge (Docs. #12-13, filed October 1, 2004).  Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ISSUES

*A. Introduction*

The plaintiff was forty-six years old at the time of the hearing before the ALJ and has

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

a high school education with three years of technical education, an associate degree in office information systems, and another in cosmetology. The plaintiff's prior work experience includes work as a substitute teacher, jailor, funeral home worker,[4] and sewing machine operator. Following the administrative hearing, the ALJ concluded that the plaintiff had no severe impairments and therefore was not disabled.

## B. *Plaintiff's Claims*

The plaintiff presents two issues for review: (1) whether the ALJ improperly found that the plaintiff had no severe impairments, and (2) whether the ALJ failed to develop the record sufficiently.

## IV. DISCUSSION

### A. *Finding on Severe Impairments*

The plaintiff argues that the ALJ erred when he did not find that any of her diagnosed impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(c).

"A diagnosis alone is an insufficient basis for finding that an impairment is severe. The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from...bodily perfection or normality." *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002), *quoting*

---

[4] The plaintiff testified that she did secretarial work for the funeral home, as well as hair and makeup for the corpses (Tr. 197).

*McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). To be severe, an impairment must "significantly limit" the plaintiff's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "Basic work activities" are defined as

> ...the abilities and aptitudes necessary to do most jobs...[including] –
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple insturctions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

With respect to the plaintiff's physical impairments, these can be "severe" only if they have more than a minimal effect on the plaintiff's ability to "walk, sit, stand, lift, push, pull, reach, carry or handle, etc." *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985). In reaching his decision, the ALJ explicitly relied on a consultative examination by Dr. William King (Tr. 162-64) performed six months before the hearing (Tr. 28-30). Dr. King found that the plaintiff's chief complaints were not objectively supported by his examination, and that her pain, hypertension, sinus drainage, and medication side effects would not impair "her ability to do work related activity such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking and traveling" (Tr. 164). This report constituted substantial evidence that these impairments were not severe at the time of the hearing. The ALJ also noted that the plaintiff had worked for two years with most of the alleged

5

complaints (Tr. 30) and independent review of the record supports this finding (Tr. 55, 61, 68, 71, 80, 93-96, 126, 142, 150, 158-160).[5]

With respect to mental impairments, the plaintiff's physician diagnosed her with "GAD"[6] in April 2002 and reported that she said she had been treated for "nerves" the previous year (Tr. 156). However, the plaintiff did not list these complaints in her application for benefits in October 2002 (Tr. 71). With respect to depression, the plaintiff first complained of depression two months before the hearing (Tr. 178) and was first diagnosed with depression one month before the hearing (Tr. 176) (this report also included a diagnosis of "anxiety disorder, [not otherwise specified])." A diagnosis, without more, is insufficient to render an impairment "severe," *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002), *quoting McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986), and these records do not show any basis beyond the diagnoses themselves for finding that these problems significantly affected the plaintiff's ability to perform basic work activities. The decision of the ALJ is not due to be reversed on this ground.

---

[5] The plaintiff argues that the court should use her raw hypertension data from 2000-03, Dr. King's finding that her medication could cause drowsiness, and data from her 2000-01 treatment for injuries and post-concussion symptoms to overrule the ALJ's finding (Doc. #22, filed August 28, 2006, p. 4-8). However, the court may not re-evaluate the evidence or substitute its own medical and vocational judgment on these issues for that of the examining physician and the ALJ. Because the ALJ's factual findings are supported by substantial evidence, the court must treat them as "conclusive." 42 U.S.C. § 405(g); *Gibson v. Heckler*, 779 F.2d 619, 622 (11th Cir. 1986).

[6] On appeal, and not before, the plaintiff identifies this as "generalized anxiety disorder."

## B. *Development of the Record*

The plaintiff argues that the ALJ failed to develop a full and fair record as required under *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981)[7] because he did not obtain records from several of the plaintiff's physicians. However, in general the court may reverse only for failure to develop the record when the record before the court reveals evidentiary gaps resulting in clear prejudice to the defendant. *Gallina v. Commissioner*, 2006 WL 3028228 at *1 (11th Cir. Oct. 25, 2006), *citing Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1985). Here the plaintiff's major complaints are well documented and, as noted above, the record as it stands contains substantial evidence to support the ALJ's decision. In particular, the record contains a physical examination dealing with the plaintiff's complaints of back and hip pain and high blood pressure (Tr. 162-64), records to show that the plaintiff worked for two years after her alleged date of onset (Tr. 55, 61, 68, 71), radiological examinations of the plaintiff's head, hips, and spine from 1999-2002 (Tr. 26-27, 113-15, 131-34, 152, 159), and the records of her primary treating physician (Tr. 27-28, 153-61). Furthermore, as the plaintiff candidly admits, the ALJ not only asked the plaintiff's representative whether she needed time to provide further records (to which the representative answered no) (Tr. 186), but gave her an extra month to provide ongoing records from the plaintiff's psychiatric care (Tr. 212). Under *Osborn v. Barnhart*, 2006 WL 2447683 (11th Cir. Aug. 24, 2006)

---

[7] In this case, the plaintiff was represented at every stage of the proceedings, and therefore the ALJ's duty to develop the record did not rise to a "special duty...to scrupulously and conscientiously inquire into, inquire of, and explore all the relevant facts..." as required by *Cowart*, 662 F.2d at 735 (internal quotes and citations omitted).

(slip op.), the plaintiff may not now complain that the ALJ should have acquired further records.[8]  *See also McCray v. Massanari*, 175 F. Supp. 2d 1329, 1339 & n.9 (M.D. Ala. 2001).  The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.  A separate order will issue.

DONE this 18th day of December, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[8] If material records had come into existence after the hearing, the plaintiff could in any case have submitted them under 42 U.S.C. § 405(g) for consideration under the standards of *Falge v. Apfel* 150 F.3d 1320, 1323 (11th Cir. 1998).